## East Norwegian Township's Primary Election.

*Election law—Primary elections — Writing name in blank space — Cross-mark—Act of July 12, 1913.*

1. Where a voter writes the name of his candidate in the blank space provided for that purpose in the ballot, such vote must be counted.

2. No cross-mark is necessary, inasmuch as the form prescribed by the Act of July 12, 1913, P. L. 719, does not provide a square for a cross-mark in such blank space.

Petition for recount of vote cast at primary election for school directors in East Norwegian Township. C. P. Schuylkill Co., Nov. T., 1921, No. 85.

*Roscoe R. Koch* and *C. F. Muehlhof*, for petitioners.

*James B. Reilly* and *T. A. McCarthy*, for respondents.

BERGER, J., Oct. 3, 1921.—The petition of the above named electors, filed pursuant to section 15 of the Act of July 12, 1913, P. L. 719, as amended by the Act of May 25, 1921 (Act No. 420), alleged, as is required by said act, upon information deemed reliable, that the petitioners believed an act of fraud or error not manifest upon the return of votes made by the election board had been committed by the failure of the election board to count and return eight or ten votes for Francis C. Ryan for nomination as a Democrat to the office of school director, although the name of said Francis C. Ryan had been written on said ballots without a cross-mark having been placed after his name in the appropriate blank space upon the ballot for the insertion of the Democratic voter's choice for nominations to the office of school director, other than the three candidates whose names appeared in print upon the ballot.

When the case came on for hearing, by agreement of the parties, one Democratic primary ballot which had been cast was offered and received in evidence as typical of six, which in respect to the office of school director is in form as follows:

SCHOOL DIRECTORS, 6 Years

(Vote for two)

John Purcell........................................☐
Patrick J. Flannery.................................☒
James McGuire.....................................☐
Francis Ryan......................................

The parties further agreed as follows: "The Court: Is it agreed that I shall certify the vote or use as a basis of certification the vote returned for this office by this election board to the commissioner's office, and that I shall add thereto for Ryan a certain number, which you are now about to agree upon? Is that the point? Mr. Koch: That would be entirely satisfactory.

"The Court: How many shall I add to those already returned for Ryan? Mr. McCarthy: Six.

"The Court: Providing I determine that the ballot received in evidence ought to have been counted for Ryan. Mr. Reilly: Yes, sir. Mr. Koch: Yes, sir."

The Democractic vote for school director was computed by the county commissioners, sitting as a computing board, as follows: James McGuire had 37 votes; Francis Ryan had 33 votes; John Purcell had 34 votes; Patrick Flannery had 43 votes.

The only question for determination is whether the six ballots which had the name of Francis Ryan written thereon, without the addition of a crossmark, ought to have been counted by the election board for Ryan. The form of the primary ballot, including the instructions to the voter, which form a part of the ballot, is prescribed by section 5 of the Act of July 12, 1913, P. L. 719, 723. In said form no square is provided for use by a voter who desires to write a name in an appropriate blank space upon the ballot. The instructions printed upon the ballot direct the voter to "Make a cross (X) in the square to the right of each candidate for whom you wish to vote. *If you desire to vote for a person whose name is not on the ballot, write or paste his name in the blank space provided for that purpose.*" (The italics are the writer's.)

The said section also gives explicit directions to the election board in respect to the manner in which they shall count the ballots, in language as follows: "The voter may designate his choice as is indicated by the instructions shown on the form of ballot above set forth. If he shall vote for more persons for any office than there are candidates to be nominated or elected for such office, or if for any reason it may be impossible to determine his choice for any office, his ballot shall not be counted for such office, but the rest of his ballot, if properly marked, shall be counted. No ballot shall be rejected for any technical error which does not render it impossible to determine the voter's choice." This is a re-enactment of section 4 of the Act of Feb. 17, 1906, P. L. 36, in construing which, in Rodgers's Contested Election, 234 Pa. 512, 516, Moschzisker, J., said: "Section 4 of the Act of Feb. 17, 1906, P. L. 36, provides: 'The voter may designate his choice, as is indicated by the instructions shown on the form of ballot above set forth;' this, according to our cases, must be taken to mean that he cannot do it in some other and different way."

Clearly, the six ballots which were not counted for Francis Ryan as a Democratic candidate for the office of school director ought to have been counted, because the voters had written his name in the blank space provided for that purpose, and the board erred in not counting and returning six votes in addition to those which they did return for Francis Ryan as a Democratic candidate for nomination to the office of school director.

The vote cast for the Democratic nomination for school director is, therefore, corrected, computed and certified to the county commissioners, sitting as a returning board, as follows:

### Democratic Vote for School Director.

James McGuire had 37 votes; Francis Ryan had 39 votes; John Purcell had 34 votes; Patrick Flannery had 43 votes.

And now, Oct. 3, 1921, the prothonotary is directed to furnish a certified copy of this opinion to the county commissioners.

From M. M. Burke, Shenandoah, Pa.